IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R&L INVESTMENT PROPERTY, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-cv-4171-O |
| § | |
| LARRY W. GREEN et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 27), filed March 21, 2014; Defendants' Amended Brief and Appendix in Support of Motion for Summary Judgment (ECF Nos. 32-33), filed March 26, 2014; Plaintiff's Memorandum in Opposition and Appendix (ECF No. 38), filed April 10, 2014; and Defendants' Reply (ECF No. 44), filed April 24, 2014. Having reviewed the motion, the record, and the applicable law, the Court finds that Defendants' Motion (ECF No. 27) should be and is hereby **GRANTED.**

**I.   BACKGROUND**

This action arises out of the foreclosure of two tracts of land in Hunt County, Texas. On June 8, 2006, Plaintiff R&L Investment Property, LLC ("Plaintiff") purchased a tract of approximately 22 acres ("Marina Property") from Guy and Joyce Hamm ("Lenders") for $1,300,000. Pl.'s 2d Am. Compl. ¶ 4.2, ECF No. 22. On the Marina Property, Plaintiff placed $800,000 as a down payment, and the remaining $500,000 of the purchase price was seller-financed. *Id.* ¶ 4.4. On June 19, 2006, Plaintiff purchased an adjacent tract of approximately 400 acres ("400 Acre Property") from Lenders for $2,400,000. *Id.* ¶ 4.2. On the 400 Acre Property, Plaintiff placed $1,000,000 as a down payment,

and the remaining $1,400,000 of the purchase price was seller-financed. *Id.* ¶ 4.3. The Promissory Notes and Deeds of Trust on the properties were executed in September 2006. *See id.* ¶¶ 4.3, 4.4. Both Promissory Notes set the interest rate on "unpaid principal from date" at 7%, and the interest rate on matured, unpaid amounts at the "[h]ighest legal rate allowed by law," which was 18%. *Id.* ¶ 4.5; *see also* Pl.'s App. Ex. 2 (Note-400 Acre Prop.), App. at 1, ECF No. 38-3; *id.* Ex. 3 (Note-Marina Prop.), App. at 1, ECF No. 38-4. Both Deeds of Trust named Defendant Larry Green ("Trustee") as the trustee. *See id.* Ex. 2 (Deed of Trust-400 Acre Prop.), App. at 9, ECF No. 38-3; *id.* Ex. 3 (Deed of Trust-Marina Prop.), App. at 4, ECF No. 38-4.

Plaintiff defaulted in payment of both Promissory Notes, but Lenders entered into an extension and modification agreement with Plaintiff in June 2009, which moved the maturity date on both Promissory Notes to December 31, 2013. *See id.* Ex. 4 (Modification Agreement-400 Acre Prop.), App. 1-9, ECF No. 38-5; *id.* Ex. 5 (Modification Agreement-Marina Prop.), App. 1-6, ECF No. 38-6. Plaintiff defaulted again on the payments, and Lenders, through Trustee, sent notices of foreclosure sales for the 400 Acre Property and the Marina Property in June 2011. *See* Defs.' Am. App. Supp. Mot. Summ. J. Ex. A-8 (Notice of Foreclosure Sale), App. at 49-50, ECF No. 33-1. The foreclosure sales took place in July 2011, before the Promissory Notes' maturity dates.

At the foreclosure sales, Lenders made a credit bid for both properties, and Trustee conveyed the properties to Lenders as the highest bidders but did not receive cash from Lenders. *See id.* Ex. A-1 (Trustee Aff.), App. at 1. The appraised value of the 400 Acre Property was $1,420,000.00, and the appraised value of the Marina Property was $540,000.00. *See id.* Ex. A-12 (Bid Sheet-400 Acre Prop.), App. at 82; *id.* Ex. A-13 (Bid Sheet-Marina Prop.), App. at 83. Lenders repurchased the 400 Acre Property for $1,420,000.00 and repurchased the Marina Property for $540,000.00. *See id.* Ex.

A-10 (Trustee's Deed-400 Acre Prop.), App. at 67; *id.* Ex. A-11 (Trustee's Deed-Marina Prop.), App. at 78. According to the payoff statements, the sale price for the properties was insufficient to cover the remaining principal and interest due under the Promissory Notes. *See id.* Ex. A-14 (Payoff Statement-400 Acre Prop.), App. at 84; *id.* Ex. A-15 (Payoff Statement-Marina Prop.), App. at 86. Trustee stated that he made the calculations with regard to the alleged deficiency "[b]ased upon the information" provided to him by Lenders. Pl.'s App. Ex. 1 (Trustee Dep.), App. at 7, ECF No. 38-2; *see also* Defs.' Am. App. Supp. Mot. Summ. J. Ex. J (Trustee Dep.), App. at 45-50, ECF No. 33-2.

Before filing the instant action, Plaintiff filed suit against Lenders asserting Lenders had represented that the 400 Acre Property had an active waste water permit but failed to disclose that the permit had expired several months before the closing. *See* Defs.' Am. App. Supp. Mot. Summ. J. Ex. B (Pl.'s 3d Am. Compl.), App. at 89-91, ECF No. 33-2. Lenders counterclaimed for the deficiencies from the sales. *See id.* Ex. D (Lenders' Counterclaim), App. at 98. The district court dismissed Plaintiff's fraud claim, and the Fifth Circuit affirmed finding Plaintiff "with full knowledge of the alleged fraud, ratified the purchase and sale of the property," which "foreclosed [Plaintiff's] right to damages . . . ." *See R&L Inv. Prop., L.L.C. v. Hamm*, 715 F.3d 145, 146 (5th Cir. 2013). The jury did not award damages to either party at trial. *See* Defs.' Am. App. Supp. Mot. Summ. J. Ex. G (Final Judgment-District Court), App. at 19, ECF No. 33-1; *see also id.* Ex. H (Judgment-Fifth Circuit), App. at 20 (affirming judgment of district court).

On October 17, 2012, Plaintiff filed the instant action against Trustee and Trustee's law firm, Pemberton, Green, Newcomb & Weis (collectively "Defendants").[1] Plaintiff asserts causes of action

---

[1] Plaintiff contends this action concerns Trustee's, and "vicariously, his law firm's," breaches of the Deeds of Trust. *See* Pl.'s Mem. Opp'n 5, ECF No. 38; *see also* Pl.'s 2d Am. Compl. ¶ 5.1, ECF No. 22 ("The actions of [Trustee], at all relevant times, were done in the course and scope of his employment and/or

3

for wrongful foreclosure and breach of contract.[2] *See* Pl.'s 2d Am. Compl. ¶ 1.1, ECF No. 22. In the event of a foreclosure, the Deeds of Trust provided that Trustee must:

> 1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code, as then in effect;
>
> 2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash . . .;
>
> 3. [and] from the proceeds of the sale, pay, in this order:
>     a. expenses of foreclosures, including a commission to Trustee;
>     b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
>     c. any amounts required by law to be paid before payment to [Plaintiff]; and
>     d. to [Plaintiff], any balance . . . .

*See, e.g.*, Defs.' App. Supp. Mot. Summ. J. Ex. A-3 (Deed of Trust-400 Acre Property), App. at 15, ECF No. 33-1. Plaintiff argues Trustee breached his duties and obligations under the Deeds of Trust by: (1) wrongfully performing deficiency calculations, (2) failing to receive cash at the foreclosure sale, and (3) failing to return the balance of the foreclosure proceeds to Plaintiff after the foreclosure sale. *See* Pl.'s Mem. Opp'n 23, ECF No. 38.

On March 26, 2014, Defendants moved for summary judgment on Plaintiff's claims. Defendants contend Plaintiff's wrongful foreclosure claim fails because Plaintiff cannot show: (1) a defect in the foreclosure sale proceeding, (2) a grossly inadequate selling price, or (3) a causal connection between Trustee's acts or omissions and the sales price. *See* Defs.' Am. Br. Supp. Mot. Summ. J. 20-23, ECF No. 32. Defendants also argue they are entitled to summary judgment on

---

agency relationship with Defendant [Pemberton, Green, Newcomb & Weis].").

[2] Plaintiff has voluntarily withdrawn its claims for negligence and conversion. *See* Pl.'s Mem. Opp'n 5, ECF No. 38.

Plaintiff's breach of contract claim because Plaintiff cannot show that Trustee breached his duties arising under the Deeds of Trust. *See id.* at 23-24. The issues have been fully briefed and are ripe for determination.

## II. LEGAL STANDARD

To be entitled to summary judgment, a movant must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, and then it is up to the nonmovant to point to "'specific facts showing that there is a genuine issue for trial.'" *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corp.*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). The evidence is examined in the light most favorable to the nonmovant and any reasonable inferences are drawn in favor of the nonmovant. *Cannata*, 700 F.3d at 172 (citations omitted). To determine whether a genuine issue of material fact exists, courts must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Plaintiff asserts claims against Defendants for wrongful foreclosure and breach of contract based on Trustee's duties under the Deeds of Trust for the 400 Acre Property and the Marina Property. Defendants argue that, as a matter of law, Plaintiff cannot establish that Trustee is liable

5

for wrongful foreclosure or breach of contract. The Court will address each claim in turn.

### A. Wrongful Foreclosure

A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust has a specific legal responsibility as a "special agent for both the debtor and the lienholder," and must act with absolute impartiality and fairness in conducting a foreclosure. *Clauer v. Heritage Lakes Homeowners Ass'n, Inc.*, 726 F. Supp. 2d 668, 673 (E.D. Tex. 2010) (quoting *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App.—San Antonio 1998, no pet.)); *see also Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (Lynn, J.). While the trustee has no duty to take affirmative actions beyond that required by statute or the deed of trust to ensure a fair sale, the trustee must conduct a foreclosure sale fairly and strictly comply with the terms of the deed of trust and the provisions of Section 51.002 of the Texas Property Code. *Clauer*, 726 F. Supp. 2d at 673 (citations omitted); *see also Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("Section 51.002 . . . provides specific requirements as to the time and place a foreclosure sale must be held, as well as to the notices that must be given before the sale.").

Under Texas law, a wrongful foreclosure action protects mortgagors against "mistake, fraud, or unfairness in the conduct of a foreclosure sale," *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (Lynn, J.), and allows a debtor to recover damages resulting from "inconsistencies or irregularities in the foreclosure process." *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 670 (W.D. Tex. 2013) (citation omitted). A plaintiff asserting a wrongful foreclosure must show: "'(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling

6

price.'"[3] *Hurd*, 880 F. Supp. 2d at 766 (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)); *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Plaintiff contends Trustee failed to strictly comply with the terms of the Deeds of Trust, but Trustee argues that Plaintiff has not identified a defect in the foreclosure sale proceedings. A defect in the foreclosure sale proceedings is generally established if the actions of the lender or noteholder caused the property to be sold for a grossly inadequate price. *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.) (citation omitted). A defect may be established by the foreclosing party's failure to comply with statutory or contractual terms, or its compliance with such terms, with affirmative action that detrimentally affects the fairness of the foreclosure proceedings. *See Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 753 (N.D. Tex. 2013) (Lynn, J.) (citation omitted); *First State Bank Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, writ denied); *see also Elmore v. McCammon*, 640 F. Supp. 905, 907 (S.D. Tex. 1986) ("In Texas, both statutory notice provisions and contract principles govern foreclosure sales pursuant to deeds of trust."). The defect must be an event that concerns the foreclosure sale itself and renders the sale unfair or invalid. *See In re Keener*, 268 B.R. 912, 922 (Bankr. N.D. Tex. 2001);

---

[3] Plaintiff, relying on *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, writ denied), appears to argue that it only needs to establish "either (1) [Trustee's] failure to comply with the statutory or contractual terms laid out in the deed of trust, or (2) compliance with such terms, but with 'affirmative action that detrimentally affects the fairness of the foreclosure proceeding'" to support its wrongful foreclosure claim. *See* Pl.'s Mem. Opp'n 21-22, ECF No. 38. These factors, however, are not the elements of a wrongful foreclosure claim. Rather, they are used to determine whether there was a defect. *See Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 753 (N.D. Tex. 2013) (Lynn, J.) ("A procedural defect may occur when the foreclosing party either fails to comply with statutory or contractual terms, or complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings.") (citation omitted) (internal quotation marks omitted); *see also Perales v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00515-DAE, 2013 WL 3456998, at *3 (W.D. Tex. July 9, 2013); *Mandala v. Wells Fargo Bank, N.A.*, No. 4:12-2335, 2013 WL 1828022, at *3 (S.D. Tex. Apr. 30, 2013).

*see also Coleman*, 969 F. Supp. 2d at 753 ("The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale."); *Clark v. F.D.I.C.*, 849 F. Supp. 2d 736, 742 (S.D. Tex. 2011) ("The plaintiff challenging a foreclosure sale 'must . . . ultimately prove any irregularities that rendered the sale invalid.'") (quoting *Sauceda*, 268 S.W.3d at 139); *Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994, writ denied) ("[A] person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure.") (citation omitted); *Keilman*, 851 S.W.2d at 921 ("[I]f a defect . . . occurs in the foreclosure process which deters third parties from bidding, then a debtor has a claim against the mortgagee for damages resulting from the unfair sale.") (citation omitted) (internal quotation marks omitted).

Plaintiff argues Trustee failed to comply with the terms of the Deeds of Trust and identifies three alleged defects to support its wrongful foreclosure claim: (1) Trustee's failure to accurately perform the deficiency calculations, (2) Trustee's failure to receive cash, and (3) Trustee's failure to return the balance to Plaintiff. Pl.'s Mem. Opp'n 21, 23, ECF No. 38. Assuming Trustee's actions constituted defects in the foreclosure sale proceedings,[4] Plaintiff cannot prevail on a wrongful foreclosure claim merely by showing a defect in the foreclosure process; Plaintiff must also show

---

[4] The Court questions whether Trustee's actions constituted defects in the foreclosure sale itself. *Compare Levels v. Merlino*, 969 F. Supp. 2d 704, 734 (N.D. Tex. 2013) (Lynn, J.) (finding plaintiff demonstrated fact issue with respect to procedural defect based on defendants' failure to provide required 21-day notice before foreclosing), *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 833 (W.D. Tex. 2013) (noting lack of proper notice of acceleration constituted defect in foreclosure proceedings), *Sauceda*, 268 S.W.3d at 139 (concluding lack of service constituted evidence of defect in foreclosure sale proceedings), *with In re Keener*, 268 B.R. at 921-22 (finding disbursement of foreclosure proceeds after sale did not support wrongful foreclosure claim); *see also Durkay v. Madco Oil Co., Inc.*, 862 S.W.2d 14, 17 (Tex. App.—Corpus Christi 1993, writ denied) (discussing "improprieties" that would render foreclosure sale void). There is also no evidence, or even allegations, that Trustee's actions "chilled the bidding" at the foreclosure sale. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013); *Keilman*, 851 S.W.2d at 924-25.

8

that an inadequate selling price resulted from the defect. *Levels v. Merlino*, 969 F. Supp. 2d 704, 734 (N.D. Tex. 2013) (Lynn, J.) (quoting *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.)); *see also Davis v. Wells Fargo Bank, N.A.*, ___ F. Supp. 2d ___, 2013 WL 5488448, at *5 (S.D. Tex. 2013) ("Texas has long recognized a common law cause of action for wrongful foreclosure, which typically requires proof of a grossly inadequate sales price.") (citation omitted); *Biggers*, 767 F. Supp. 2d at 730 ("[U]nder Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action . . . ."); *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied) ("Evidence must exist that the irregularity caused or contributed to the sale of the property for a grossly inadequate price.") (citation omitted). A grossly inadequate selling price is one that is "'so little as to shock a correct mind.'" *Martins*, 722 F.3d at 256 (quoting *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990)); *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012) (McBryde, J.) ("[A] grossly inadequate price would have to be consideration so far short of the real value of the property as to shock a correct mind . . . .") (citation omitted) (internal quotation marks omitted).

Here, Lenders repurchased the properties for amounts equal to their appraised value. *See* Defs.' Am. App. Supp. Mot. Summ. J. Ex. Ex. A-12 (Bid Sheet-400 Acre Prop.), App. at 82, ECF No. 33-1; *id.* Ex. A-13 (Bid Sheet-Marina Prop.), App. at 83. Plaintiff has not provided any evidence, or even argued, that the sales price for the properties was grossly inadequate or that there was a causal connection between the procedural defects and an inadequate sales price. *See Thompson v. Bank of Am., N.A.*, ___ F. Supp. 2d ___, 2014 WL 1373505, at *3 (N.D. Tex. 2014) (Boyle, J.) ("If the nonmovant bears the burden of proof at trial . . . the movant may satisfy its burden

by pointing to the absence of evidence to support the non-movant's case.") (citations omitted); *Tesoros Trading Co. v. Tesoros Misticos, Inc.*, ___ F. Supp. 2d ___, 2014 WL 1303001, at *3 (N.D. Tex. 2014) (Lindsay, J.) ("Mere conclusory allegations[,] . . . [u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.") (citation omitted). "The Fifth Circuit has repeatedly recognized that summary judgment is proper 'where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial . . . .'" *In re Nevarez*, 488 B.R. 332, 338 (Bankr. E.D. Tex. 2013) (quoting *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988)); *see also, e.g.*, *Levels*, 969 F. Supp. 2d at 734 (granting summary judgment in defendants' favor on wrongful foreclosure claim where plaintiffs "present[ed] no evidence—and in fact did not even argue—that the sales price[] was grossly inadequate or that there is a causal connection between the procedural defect and the inadequate sales price"); *Svoboda*, 964 F. Supp. 2d at 671 (finding defendants entitled to summary judgment where plaintiffs failed to offer evidence or factual allegations indicating that selling price was inadequate).

Further, Texas law "'rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value.'" *Richardson*, 873 F. Supp. 2d at 813 (quoting *Blanton*, 918 F.2d at 531-32); *see also Martins*, 722 F.3d at 256 (finding selling price that equaled 92% of most recent appraisal was not grossly inadequate); *Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) (noting Texas law establishes that foreclosure price exceeding 50% is not grossly inadequate) (citations omitted). Therefore, the Court finds that the 400 Acre Property and Marina Property were not sold for a grossly inadequate price.

Plaintiff has failed to provide evidence, or factual allegations, to indicate the bid price for the properties was grossly inadequate or that there was a causal connection between any procedural defects and an inadequate sales price. It appears that Plaintiff's wrongful foreclosure claim is "misplaced." *See In re Keener*, 268 B.R. at 921-22 (dismissing wrongful foreclosure claim based on trustee's disbursement of foreclosure proceeds after sale where property was sold for fair market value and plaintiff did not allege price was inadequate). Accordingly, the Court finds that Trustee is entitled to summary judgment on Plaintiff's wrongful foreclosure claim.

B.   **Breach of Contract**

Plaintiff alleges Trustee's actions also support a breach of contract claim. The elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citation omitted) (internal quotation marks omitted); *see also Sauceda*, 268 S.W.3d at 140. A trustee performing a foreclosure sale pursuant to a deed of trust must strictly comply with the terms of the deed of trust. *See, e.g.*, *Clauer*, 726 F. Supp. 2d at 673; *In re Keener*, 268 B.R. at 923; *Powell v. Stacy*, 117 S.W.3d 70, 74 (Tex. App.—Fort Worth 2003, no pet.); *Keilman*, 851 S.W.2d at 925.

The Deeds of Trust on the 400 Acre Property and the Marina Property provided that Trustee must:

> 1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code, as then in effect;
>
> 2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash . . .;

11

> 3. [and] from the proceeds of the sale, pay, in this order:
>> a. expenses of foreclosures, including a commission to Trustee;
>> b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
>> c. any amounts required by law to be paid before payment to [Plaintiff]; and
>> d. to [Plaintiff], any balance . . . .

*See, e.g.*, Defs.' Am. App. Supp. Mot. Summ. J. Ex. A-3 (Deed of Trust-400 Acre Property), App. at 15, ECF No. 33-1. Plaintiff has withdrawn any claims based on defects of notice. *See* Pl.'s Mem. Opp'n 5, 24, ECF No. 38. Therefore, Plaintiff's breach of contract claim focuses on Trustee's duties under the Deeds of Trust to sell and convey the properties to the highest bidder for cash and to remit any balance to Plaintiff after the foreclosure sale. *See id.* at 18 ("The two most important operative facts in this case are [Trustee's] failure to abide by the Deed's clauses C(2): selling 'for cash' and C(3)(d): 'To [Plaintiff], any balance.'").

While the Deeds of Trust required Trustee to sell and convey the properties "to the highest bidder for cash," it is undisputed that Trustee did not receive cash from Lenders at the foreclosure sale. *See* Defs.' Am. App. Supp. Mot. Summ. J. Ex. J (Trustee Dep.), App. at 41, ECF No. 33-2; *id.* A-1 (Trustee Aff.), App. at 1, ECF No. 33-1. Rather, Lenders made a credit bid for the properties at the foreclosure sales. Credit bidding is based on the premise that "[i]f a creditor were to actually place a cash bid on the debtor's property, that money would simply revert back to the creditor in satisfaction of the debt. . . ."[5] *Small Business Loan Source, Inc. v. F/V ST. MARY II*, 361 F. Supp.

---

[5] Courts in other jurisdictions have identified similar rationales for allowing a noteholder to credit bid at a foreclosure sale. *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. Appel*, 137 P.3d 429, 432 (Idaho 2006) ("There is no reason why the holder of the deed of trust note should not be able to purchase the property at a trustee sale by bidding in all or part of the amount owing pursuant to the note. . . . It makes no sense to require the note holder to bring cash to the sale in order to pay himself.") (citing *McClure v. Casa Claire Apartments, Ltd.*, 560 S.W.2d 457, 461 (Tex. App.—Beaumont 1977, no writ)); *First Commercial Mortg.*

2d 570, 572 (E.D. La. 2005) (citations omitted); *see also Valley Int'l Props., Inc. v. Ray*, 586 SW.2d 898, 901 (Tex. App.—Corpus Christi 1979, no writ) ("It would have been an idle gesture for [mortgagee] to have given Los Campeones the cash, in that Los Campeones would have given the cash to trustee who in turn would have given it back to [mortgagee].").

Although a trustee must strictly comply with the terms of a deed of trust, Texas law permits a noteholder to apply and credit its bid against its note as equivalent to applying cash, even if the deed of trust requires a "cash" sale. *See, e.g.*, *In re AMRCO, Inc.*, 496 B.R. 442, 444-46 (Bankr. W.D. Tex. 2013); *Bonilla v. Roberson*, 918 S.W.2d 17, 22 n.3 (Tex. App.—Corpus Christi 1996, no writ); *Valley Int'l Props.*, 586 S.W.2d at 901; *McClure v. Casa Claire Apartments, Ltd.*, 560 S.W.2d 457, 461 (Tex. App.—Beaumont 1977, no writ); *see also In re Spillman Dev. Grp., Ltd.*, 401 B.R. 240, 253 (Bankr. W.D. Tex. 2009) ("[A] credit bid by the secured lender, whether in the context of state law foreclosure or of a [Section] 363(k) bid, is payment on the debt."); *In re Home & Hearth Plano Parkway, L.P.*, 320 B.R. 596, 606 (Bankr. N.D. Tex. 2004) ("A mortgagee with the power to sell . . . may purchase at his own sale [and] . . . can also credit bid.); *Elmore*, 640 F. Supp. at 907-08 ("[C]ontract principles mandate strict conformity to the deed of trust. . . . It is settled law in Texas that a credit [bid] . . . is the equivalent of cash. Further, . . . parties . . . may not complain when a credit bid is entered in favor of a mortgagee in spite of a deed of trust provision requiring a 'cash' sale.") (citations omitted). Therefore, accepting Lenders' credit bid was not a breach of Trustee's duty under the Deeds of Trust. Accordingly, Trustee's failure to receive cash at the foreclosure sales

---

*Co. v. Reece*, 89 Cal. App. 4th 731, 737 (2001) ("The purpose of [a credit bid] is to avoid the inefficiency of requiring the lender to tender cash which would only be immediately returned to it."); *see also Citibank Fed. Sav. Bank v. New Plan Realty Trust*, 748 A.2d 24, 29-30 (Md. Ct. Spec. App. 2000) ("We agree with the rationale set forth in . . . other jurisdictions that requiring a judgment creditor to pay cash . . . at an execution sale . . . is an exercise in futility.").

does not support Plaintiff's breach of contract claim.

The Deeds of Trust also required Trustee to pay the proceeds of the foreclosure sale in the following order: (1) the expenses of foreclosure; (2) the full amount of principal, interest, attorney's fees, and other charges due and unpaid to Lenders; (3) any amounts required by law to be paid before payment to Plaintiff; and (4) any balance to Plaintiff.  Pl.'s App. Ex. 2 (Deed of Trust-400 Acre Prop.), App. at 13, ECF No. 38-3; *id.* Ex. 4 (Deed of Trust-Marina Prop.), App. at 7.  It is undisputed that Plaintiff did not receive any proceeds from the foreclosure sales.  Trustee argues the purchase price of the properties was insufficient to cover the remaining principal and interest due, and therefore, no foreclosure proceeds remained after applying the proceeds to the debt.  Defs.' Am. Br. Supp. Mot. Summ. J. 10, 24, ECF No. 32; Defs.' Reply 3, ECF No. 44.  Plaintiff contends, however, that if Trustee had applied the 7% interest rate to calculate the deficiency, there would have been a balance owed to Plaintiff.  Pl.'s Mem. Opp'n 23, ECF No. 38.  Therefore, Plaintiff asserts Trustee breached the Deeds of Trust by failing to return the balance of the foreclosure proceeds after "manufactur[ing] a deficiency" by applying the 18% interest rate.  *Id.* at 5.

Trustee argues he is not liable for errors in the deficiency calculations, even if he incorrectly applied the 18% interest rate, because he relied in good faith on information provided by Lenders to perform the calculations.  *See* Defs.' Am. Br. Supp. Mot. Summ. J. 18-19, ECF No. 32; Defs.' Reply 3, ECF No. 44.  Section 51.007(f) of the Texas Property Code provides: "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party."  Tex. Prop. Code § 51.007(f); *see also Pullis v. Am. Homes 4 Rent Props. Two, L.L.C.*, No. A-14-CA-032-SS, 2014 WL 1092184, at *2 (W.D. Tex. Mar. 19, 2014).

14

Section 51.007(f) is a "substantive statement of law" that "requires a determination that the trustee's liability rests solely on a 'good faith error' resulting from information 'provided by the mortgagor or mortgagee." *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009) (Lynn, J.). While Plaintiff alleges Trustee has failed to "conclusively establish[] his entitlement to the Section 51.007(f) defense," Pl.'s Mem. Opp'n 21, ECF No. 38, courts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee.[6] *See, e.g.*, *Williams v. Wells Fargo Bank*, No. 4:13-cv-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014); *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, at *5 (S.D. Tex. Dec. 20, 2013); *Mahlin v. GMAC Mortg. LLC*, No. 3:13-cv-906-M-BK, 2013 WL 6153285, at *4 (N.D. Tex. Nov. 22, 2013) (Lynn, J.); *May v. JPMorgan Chase Bank, N.A.*, No. 4:13cv201, 2013 WL 4013119, at *3 (E.D. Tex. Aug. 5, 2013); *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*,

---

[6] Plaintiff contends Section 51.007(f) is an affirmative defense that requires Trustee "'[to] establish beyond peradventure all of the essential elements'" of the defense. Pl.'s Mem. Opp'n 13, ECF No. 38 (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *2 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)); *see also Tesoros Trading Co.*, 2014 WL 1303001, at *3. Even under this standard, however, the Court finds that Trustee would be entitled to summary judgment. Trustee presented evidence that: (1) he performed the deficiency calculations as a neutral party, (2) Lenders provided him with the balance amount and the interest rate, and (3) Trustee relied on information provided by Lenders to perform the calculations. *See, e.g.*, Defs.' Am. App. Supp. Mot. Summ. J. Ex. J (Trustee Dep.), App. at 45-48, 50, ECF No. 33-2; *see also* Tex. Prop. Code § 51.007(f) ("A trustee shall not be liable for any good faith error resulting from reliance on any information . . . provided by the mortgagor or mortgagee . . . ."). Plaintiff does not contest that Trustee received the information from Lenders or that he relied on the information to perform the calculations; Plaintiff contends a fact issue exists because Trustee admitted he performed the calculations. *See* Pl.'s Mem. Opp'n 20-21, ECF No. 38. Plaintiff has not presented any evidence, however, to create a genuine dispute regarding Trustee's good faith reliance on the information provided by Lenders. *See Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-154-SS, 2014 WL 1342869, at *2 n.4 (W.D. Tex. Apr. 3, 2014) (finding trustee shielded by Section 51.007(f) where plaintiff failed to allege trustee "knowingly participated in any fraud or had any intent to injure [plaintiff]"); *Pullis*, 2014 WL 1092184, at *2 (finding Section 51.007(f) applied where plaintiff failed to plead facts suggesting trustee "engaged in any conduct other than carrying out the foreclosure as directed by [the bank]"); *see also Powell*, 117 S.W.3d at 74 (finding attorney's mistake in calculating total principal and interest due on note was not evidence attorney acted dishonestly) (citations omitted).

No. G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *3 (W.D. Tex. July 5, 2011); *Mechali v. CTX Mortg. Co., LLC*, No. 4:11-cv114, 2011 WL 2683190, at *4 (E.D. Tex. June 7, 2011); *see also Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-154-SS, 2014 WL 1342869, at *2 & n.4 (W.D. Tex. Apr. 3, 2014).

Trustee testified that he performed the calculations using information provided to him by Lenders. Defs.' Am. App. Supp. Mot. Summ. J. Ex. J (Trustee's Dep.), App. at 45, ECF No. 33-2. This information included the interest rate and balance amount. *See id.* at 45-48. Trustee further testified that he performed the calculations in a neutral and impartial manner. *See id.* at 45 ("I wasn't taking a side here. I was just taking the information provided by [Lenders] and calculated the balance that they provided me, then made the calculation."). Plaintiff does not appear to dispute that Trustee performed the calculations using information provided by Lenders. *See* Pl.'s Mem. Opp'n 10, 20, ECF No. 38. Plaintiff instead focuses on Trustee's admissions that he performed the calculations, and argues that receiving the information from Lenders is irrelevant because Trustee's "liability is based on his failure to remit the excess monies to [Plaintiff] based on his own calculations of the wrongly-asserted deficiency." *See id.* at 20. Accordingly, Plaintiff contends that Trustee's admission that he performed the calculations "creates a material fact question." *Id.*

The Court finds the fact that Trustee performed the deficiency calculations based on information provided by Lenders to be more relevant to Trustee's liability than the fact that Trustee, and not Lenders, performed the calculations. Under the Texas Property Code, a trustee is shielded from liability for any good faith error that resulted from his reliance on information provided by the mortgagee. *See* Tex. Prop. Code § 51.007(f). Even though Trustee performed the calculations,

Plaintiff fails to provide evidence, or even allege, that Trustee acted in bad faith. *See Williams*, 2014 WL 1024003, at *5; *May*, 2013 WL 4013119, at *3; *see also Willis v. Cleco Corp.*, ___ F.3d ___, 2014 WL 1379103, at *3 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (noting party opposing summary judgment must "'identify specific evidence in the record, and . . . . articulate the precise manner in which that evidence support[s] their claim'"); *Tesoros Trading Co.*, 2014 WL 1303001, at *3 (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (same). The evidence does not establish that Trustee's liability is based on his own acts or omissions, "separate and apart from any reliance" on information provided by Lenders. *See Mahlin*, 2013 WL 6153285, at *4; *see also Cantor*, 641 F. Supp. 2d at 611 ("[Section 51.007(f)] requires a determination that the trustee's liability rests solely on a 'good faith error' resulting from information 'provided by the mortgagor or mortgagee.'"). Accordingly, the Court finds that Trustee is not liable for breach of the Deeds of Trust based on his deficiency calculations.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants Larry W. Green and Pemberton Green Newcomb & Weis's Motion for Summary Judgment (ECF No. 27) is hereby **GRANTED**.

The May 19, 2014 trial setting is hereby **CANCELLED**.

**SO ORDERED** on this **6th day** of **May, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**